**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RAZZ EVERETT JORDAN, JR.,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **vs.** | ) | No. 4:04CV1759-SNL |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

The motion filed by Movant under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody is before the Court. The government has responded in opposition.

Movant alleges four grounds of ineffective assistance of counsel, and one ground of prosecutorial misconduct.

### Background

Movant, as one of seven defendants, entered into a plea agreement whereby he would enter a plea of guilty to Count 1 of the indictment and Counts 2 through 11 would be dismissed except for Count 6, wherein he was not named as a defendant. The government was to file a sentencing enhancement as to one of movant's prior felony drug convictions, but agreed not to file the enhancement on both felonies.

On September 30, 2003 the Court accepted movant's plea of guilty to Count 1 of the indictment and movant was sentenced to 264 months custody of the Bureau of Prisons on December 17, 2003. The Court implemented the agreement, and all other counts of the indictment against movant were dismissed.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## Standard

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. See also U.S. v. Coleman, 2005 WL 3021104 (E.D. Mo. 2005).

The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel, Hill v. Lockhart, 474 U.S. 52, 58 (1985). The performance prong of the Strickland test remains the same. Id. at 58-59. To establish prejudice in the context of the plea process the defendant must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The standard has recently been defined by the United States Court of Appeals for the Eighth Circuit as follows:

> "An ineffective assistance claim generally requires two showings. 'First the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. to show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id.' accord Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair')."

Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). A defendant "faces a heavy burden"

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to establish ineffective assistance of counsel pursuant to § 2255.  DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).  Ordinarily, if the defendant cannot prove prejudice, it is not necessary to address whether counsel's performance was deficient.  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996); DeRoo, at 925.

## Discussion

Ground One: Movant states that his trial counsel was ineffective because he failed to contest the two levels that petitioner received as a leader of the alleged conspiracy.  See § 3B1.1(b), United States Sentencing Guidelines (USSG).  Under § 3B1.1(b), the offense level should be increased by three levels if the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive.

In the dialogue between the Court and movant at the time of the plea, the Court stated, "You and the government have agreed that you were in fact a manager or supervisor and that is there were more than five people involved--actually, there were at least seven as it's set out in the indictment so three levels should be added in addition . . . then, since you were a manager or supervisor, we add three more levels."  Plea Tr. p. 7.

The Court then went on to illustrate how the total offense level was calculated pursuant to the plea agreement.  Following that, the Court stated "This is all a little complicated.  Do you have any question at all about how we make these computations?"  "Mr. Jordan: No sir."  "The Court: Have you discussed this with your lawyer?"  "Mr. Jordan: Yes sir."  Plea Tr. pp. 8 and 9.

Movant states that three witnesses, Ronald Patrick Banks, Corey L. Hoskins and Tyrone Lamar Banks would have testified that movant was not the leader of the conspiracy.  Yet, those

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

three persons were co-defendants, alleged to be involved in the conspiracy and were found guilty as was movant. It is difficult for this Court to believe that these co-defendants would have risen to the occasion to assist movant in this area. The statement of facts set out in the plea agreement which movant agreed was accurate is sufficient in and of itself to show that movant was a manager or supervisor of the conspiracy requiring the addition of three levels in calculation of the total offense level. Movant may not consent to the facts involved, and agree that he understood and approved this agreement with the government and now claim that his counsel should have been more diligent in this area. Certainly, he has not shown that the result would have been different had counsel utilized the testimony of the three co-defendants to assist him in this area. In fact, there is no showing that such three co-defendants would have agreed to testify had they been called given all of the circumstances involved. They could have very easily relied on their own Fifth Amendment privileges.

## Ground Two

Here, movant asserts that had he been allowed to listen to certain wire taps, he could have discovered exculpatory evidence which would have been of advantage to him, particularly in quantifying the amount of drugs attributable to him as relevant conduct. Movant states that he did listen to one wire tap, and this substantiated "that 13 grams of the drug amount could not be attributed to the petitioner." Movant's motion, p. 8 of 12.

Petitioner is engaged in a fishing expedition because he is unable to prove that simply by listening to wire taps, he could have obtained exculpatory evidence beneficial to him. He stated that he did listen to one wire tap and determined that certain quantities of drugs were not attributable to him, yet this was not urged by him at the time of the plea. It is certainly

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

inconsistent for movant to state that he did listen to one wire tap and it was beneficial to him, but he did not utilize that benefit and at the same time, had he listened to more tapes, he would have discovered favorable exculpatory evidence. The Court can find no basis to suggest that the omission of movant's counsel in this area was inappropriate.

## **Ground Three**

Movant asserts that his counsel was ineffective by failing to investigate the amount of drugs for which petitioner was accountable. Apparently, during the plea negotiation between the parties, movant felt that 48 grams of crack cocaine was the amount movant would be held accountable for. In the final plea agreement entered into between the parties which was before the Court at the time of the plea, the quantity was 56 grams.

Movant asserts that had he only been held responsible for 48 grams, he would have been at an offense level 30, whereas his total offense level was 32 if he was accountable for 56 grams of crack cocaine. Movant asserts that his counsel was ineffective for failing to challenge this quantity.

Again, the dialogue that occurred between the Court and movant at the time of plea is relevant.

"MR. JORDAN: Yes, sir. I got one thing that I did want to mention to you, though, Your Honor.

THE COURT: All right.

MR. JORDAN: One thing that I didn't agree with it, and I did bring this to my attorney, and this was the drug amount which was for the crack cocaine, crack cocaine base.

THE COURT: Tell me what page you're on.
Are you on the base offense level on five page?

MR. JORDAN: Uh-huh.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

THE COURT: You dispute that it's at least 50 but more than 150?

MR. JORDAN: Yes, sir, and I would like the first plea agreement that I had. It had stated that it was only - -

THE COURT: This is not your first plea agreement – your first plea agreement doesn't make any difference. If you've had ten other agreements, it doesn't make any difference. This is the one we're talking about.

MR. JORDAN: Yes, sir.

THE COURT: And if this isn't – if this doesn't work with you, why, we'll stop right now.

MR. JORDAN: No, sir.

THE COURT: No, I don't want to talk you into anything.
You could have had a plea agreement six months ago that said you didn't have any involvement with crack cocaine. That doesn't make any difference. Today is what we're talking about. Now today you're saying that you had at least – you were responsible for at least 50 but less than 150 grams of crack cocaine and if that's not true, we'll stop. The case is set for trial, we'll try it next month when it's set.

MR. JORDAN: It's true, Your Honor.

THE COURT: Well, I – you're telling me you disagree with it, so I don't want to make you do something that you think's wrong.
We don't have to go through with this.

MR. JORDAN: It's true, Your Honor.

THE COURT: This is purely voluntary.

MR. JORDAN: It's true I'm involved, Your Honor.

THE COURT: If you want to go ahead and go ahead with this, I will, but if you think it's wrong, then I'm not going to go ahead with it.

MR. JORDAN: I'm ready to proceed, Your Honor.

THE COURT: Are you sure?

MR. JORDAN: Yes, sir.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

THE COURT: Are there any other areas in here you have some concern about?

MR. JORDAN: No sir, Your Honor."   Plea Tr., pp. 9, 10 and 11.

On review of this dialogue, it is apparent that movant had some concern about the quantity of the drugs involved.  Nonetheless, he was given ample opportunity to reconsider, or go to trial or resolve the matter in some other way.  He chose to proceed with the plea agreement as was ultimately approved showing the quantity of the crack cocaine was in excess of 50 grams.  His counsel could not be considered ineffective for failing to make further investigation.  Movant stated he had discussed it with counsel, but elected to proceed with the plea agreement.  In fact, movant stated that he had no further question as to what his agreement was with the government and was ready to proceed.  Plea Tr., p. 11.  See U.S. v. Stevens, 918 F.2d 1383, 1386, 1387 (8th Cir. 1990).

## Ground Four

The concern movant has here is related to his assertion in Ground Three.  Movant believes that his counsel threatened him and coerced him into implementing the plea agreement.  Movant states that his attorney said that if movant utilized his right to go to trial, he would "'die in jail.'" Movant's motion, page 8 of 12.

The dialogue between the Court and movant on this point at the time of the plea again is relevant.

THE COURT: Mr. Jordan, has anybody threatened you or intimidated you or coerced you or harassed you in any way at all to cause you to come in today and plead guilty?

MR. JORDAN: No, sir.

THE COURT: Nobody's held a club over your head?

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

MR. JORDAN: No, sir.

THE COURT: Or made any threats to you at all to cause you to do this?

MR. JORDAN: No, sir.

THE COURT: Now the government has made certain promises in the plea agreement. Other than those promises, has Ms. Decker or anyone else made any additional promises to you or predictions or prophecies to cause you to come in today and plead guilty?

MR. JORDAN: No, sir.

THE COURT: Are you doing this of your own free will?

MR. JORDAN: Yes, sir.

THE COURT: On a voluntary basis?

MR. JORDAN: Yes, sir.

THE COURT: Are you certain of that?

MR. JORDAN: Yes, sir."

Plea Tr., pp. 21 and 22.

The Court is hard-pressed to believe that movant was so terrified by an alleged threat of his attorney that he elected to proceed with the agreement, telling the Court that no one had threatened him. In fact, movant told the Court that he was satisfied with his attorney at the time of the plea. See Plea Tr., p. 18 as follows:

"THE COURT: Now Mr. Jordan, your first lawyer was Donnell Smith and then he withdrew and now your lawyer is Patrick T. Conroy. He's been your lawyer for several months. Have you had opportunities to go over this case with him?

MR. JORDAN: Yes, sir.

THE COURT: I know that you have had some concern about your lawyers, both Mr. Smith and Mr. Conroy. I would assume that at this stage you are satisfied with the legal services that Mr. Conroy's provided for you?

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

MR. JORDAN: Yes, sir."

The Court is not persuaded by movant's position in this area and determines that the facts belie movant's accusations against his counsel.

In the plea agreement, the government agreed to file a sentencing enhancement as to only one of movant's two prior felony drug convictions. Had the government filed an enhancement on both of movant's prior felony drug convictions, movant would have been subjected to a mandatory minimum sentence of life in prison. 21 U.S.C. § 841(b)(1)(A). Assuming arguendo that movant's counsel did tell him he could "die in jail" if he went to trial, there was a basis for counsel's concern. Conceivably counsel could have been ineffective had he not pointed out this possibility although his technique may have been considered harsh, but not inaccurate.

## Ground Five: Prosecutorial Misconduct

In this assertion, movant alleges that counsel for the United States "committed prosecutorial misconduct when she, by sleigh (sic) of hand (or-the-pen)" changed the quantity of crack cocaine for which movant was accountable from 48 to 56 Grams. Movant's motion, p. 9 of 12.

The Court has reviewed this problem in connection with assertion of ineffective assistance of counsel and determines, on the basis of the record, that counsel for the government did not commit an act of co-mission or omission sufficient to constitute prosecutorial misconduct. Again, the Court granted movant various options to avoid implementing the final plea agreement entered into between the parties and movant elected to proceed. There is nothing in the record to show that counsel for the government was guilty of misconduct.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

<u>**Amended Petition for Writ of Habeas Corpus**</u>

This Amendment was filed by counsel for movant (petitioner).  In the amendment, counsel reiterates certain arguments movant set out in his original motion.  Counsel restated the argument that counsel compelled movant to enter into the final plea agreement and that counsel was deficient in failing to contest the quantity of crack cocaine for which movant was held accountable.

There are no new arguments made in the amendment, except for an <u>Apprendi</u>, <u>Blakeley</u>, <u>Booker</u> assertion.[1]  Counsel states that the only reason petitioner admitted to the quantity of crack cocaine being over 50 grams was that in the absence of his admission, the government would be able to prove up these quantities at a sentencing hearing by a preponderance of the evidence.  Counsel states that this, of course, would have been in violation of the law as it existed then.  Counsel states that had he been properly advised, movant would have forced the government to prove the quantities beyond a reasonable doubt.

This argument lacks merit for at least two reasons: first, counsel, at the time, would have been unable to appreciate the niceties of this argument in order to properly advise movant assuming, by way of hindsight, that counsel had all of the information at the time of the plea now available.

Second, in <u>United States v. Moss</u>, 252 F.3d 993 (8th Cir. 2001) the Court of Appeals held that the precursor to <u>Blakeley</u>, <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000), was not of watershed magnitude and that the holding of <u>Teague v. Lane</u>, 489 U.S. 288 (1989) barred the

---

[1]  <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); <u>Blakeley v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); <u>U.S. v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

retroactive application of an <u>Apprendi</u> claim on collateral review. Similar reasoning prevents <u>Blakeley</u> from being applied retroactively in this case. <u>See</u> <u>Schriro v. Summerlin</u>, 124 S.Ct. 2519, 2522 (2004). (A procedural rule applies only prospectively unless they are 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Ibid</u> at 2523.)

### Summary

Movant entered into a plea agreement with the government. In that agreement, he entered a plea of guilty to a conspiracy to distribute and possess with the intent to distribute heroin and crack cocaine. He was sentenced to custody of the Bureau of Prisons for 264 months. Counts 2, 3, 4, 5, 7, 8, 9, 10 and 11 were dismissed at the time of sentencing. These counts involve substantive drug charges, weapons violations and the use of firearms in furtherance of drug trafficking offense charges. (Had defendant been tried by a jury and found guilty of these offenses, an additional 30 years consecutive time could have been added.) It was also part of the agreement that the government would file an enhancement under 21 U.S.C. § 851 on only one of movant's two prior felony drug convictions. Accordingly, a 10-year mandatory minimum sentence was doubled to 20 years. Had movant been found guilty by jury trial, the government would have had the option to file an enhancement request on both prior felony drug convictions and defendant would then have been subject to a mandatory minimum sentence of life in prison.

At the time of the plea, movant stated that he understood that in calculating a total offense level, two levels would be added because he was a leader, manager or supervisor of the conspiracy, Plea Tr., p. 7 and 8, that he was willing to accept that he was responsible for at least 50 but less than 150 grams of crack cocaine, Plea Tr., p. 9, 10 and 11, that he understood what

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

his agreement with the government was, Plea Tr., p. 11, that he was satisfied with the legal services that his counsel (Mr. Conroy) provided for him, Plea Tr., p. 18, that no one threatened him or intimidated him or coerced him or harassed him to cause him to enter a plea of guilty, Plea Tr., p. 21, that he was entering the plea of guilty freely and on an voluntary basis, Plea Tr., p. 21, that he read the plea agreement and understood it and discussed it with his attorney before he signed it, Plea Transcript, p. 23, that everything in the statement of facts in the plea agreement was correct, Plea Transcript, p. 23,[2] that there was nothing he did not understand in the plea dialogue between him and the Court and in view of the dialogue, he still reiterated to the Court that he was guilty of the charge read. Plea Tr., p. 27.

The Court determines, therefore, that movant has failed to show that his counsel's performance fell below an objective standard of reasonableness, and has failed to show that there was a reasonable probability that but for his counsel's alleged unprofessional errors, the result of the proceedings would have been different. Accordingly, defendant's motion and his counsel's supplement should be denied.

Dated this ___24th___ day of May, 2006.

_____

SENIOR UNITED STATES DISTRICT JUDGE

---

[2]   The statement of facts on page 12 sets out "the amounts of heroin and cocaine base (crack cocaine) enumerated above total 688 grams of heroin and 56 grams of cocaine base."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com